MULLINS v. MARION COUNTY.

SHERIFFS—CONSTABLES—FEES.—Under the salary act, Code 1902, sec. 1032, providing that the magistrate at Marion may appoint a constable at a salary of $150, or he may direct his papers to the sheriff, who shall receive the same compensation for serving them as the

constable would be entitled to, where the magistrate appoints no constable, but has his papers served by the sheriff, the sheriff may collect the fees provided for constables by Code 1902, 3121.

Before WATTS, J., Marion, May, 1904. Affirmed.

Controversy submitted without action between B. R. Mullins and Marion County. From judgment for plaintiff, defendant appeals.

*Mr. James W. Johnson,* for appellant, cites: Code, 1902, 1032, 3117, 3118, 3121; Acts 1903, 45; 40 S. C., 445; 70 S. C., 389.

*Mr. M. C. Woods,* contra, cites: Acts 1903, 102; 56 S. C., 411, 506; Code, 1902, 3121, 1032; 40 S. C., 445.

July 3, 1905. The opinion of the Court was delivered by
MR. CHIEF JUSTICE POPE. This appeal is from the judgment of his Honor, Judge Watts, upon the following agreed issue, to wit: "Whether the sheriff should be paid $150 in full of his services, under the provisions of section 1032, or whether he should be paid $217.75 in full of his services, under the provisions of section 3121. There is no dispute on any other point."

By Judge Watts' judgment, he held that the sheriff should be paid $217.75. After entry of judgment, the defendant appealed on three grounds. The first ground is as follows: First. "Because it is respectfully submitted that his Honor erred in not holding that the plaintiff was entitled to the compensation fixed by law, to wit: $150 for the constable of the magistrate residing at Marion, S. C., for serving the papers during 1903, and to no other compensation therefor." The question here presented arises from this condition of affairs. By law the county of Marion was divided into ten subdivisions and a magistrate was "provided for each subdivision; that at Marion C. H., was given a salary of $350 per year, and a constable was allowed at a salary

of $150 per year;" but it was provided that any magistrate might direct his papers to the sheriff for service, and in such case the sheriff shall serve same and shall receive the same compensation therefor, which the constable would be entitled to for the same service. There was no constable appointed for this township, and papers were directed by the magistrate to the sheriff, who served the same.

Now it becomes necessary to determine whether the sheriff shall receive the compensation provided for the constable, to wit: the sum of $150, or whether he shall be paid the fees affixed by law to a constable for the service of such papers. There being a difference of $67.75 in favor of the latter plan. Although section 1032 of volume 1, Code of 1902, in express terms requires the magistrates and their constables to accept the compensation fixed in this section in lieu of all costs and fees on the criminal side of the law, yet such section requires that such fees and costs as fixed by law shall be collected, but the same shall be turned over to the county treasurer. Section 3121 of the Code of this State, vol. 1, provides the costs and fees for constables. After a careful consideration of these two sections of our Code, we think there was no error on the part of the Circuit Judge. The word "compensation" used in the *proviso,* where it relates to sheriff, need not give too much concern, for it really includes costs and fees as well as salary. It may be that a magistrate of Marion County may have a constable and yet feel called upon from a sense of public duty to use the sheriff also, and under those circumstances a resort would necessarily arise to fix his compensation under said section 3121, *supra.* Therefore, we overrule this ground of appeal.

Second. "Because it is respectfully submitted that his Honor erred in not sustaining the position of the county board of commissioners in refusing to pay the plaintiff more than $150 for his services for 1903, rendered D. J. Oliver as magistrate at Marion, S. C." From what we have said

in refusing to support the first ground of appeal, we must overrule also the second.

Third. "Because his Honor erred in not holding that when the sheriff served the papers of D. J. Oliver, magistrate, that he could·only get the pay fixed by law for said Oliver's constable, to wit: $150." We may remark just here that the views we have already expressed render it necessary that we should overrule this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is, affirmed.